IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HELEN BAYNES, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 17-1369 |
| | ) Chief Magistrate Judge Maureen P. Kelly |
| v. | ) |
| | ) Re: ECF No. 51 |
| SANTANDER CONSUMER USA, DEL MAR RECOVERY SOLUTIONS, DOUG YUHOUSE, MICHELE KREMPASKY, WILKINSBURG POLICE DEPARTMENT, UNITED TOWING SERVICE LLC *also known as* UNITED TOWING, BLAIR JOHNSON, and JAY JOHNSON, | ) |
| Defendants. | ) |

## **MEMORANDUM ORDER**

Pending before the Court is Plaintiff's Motion for an Award of Attorney Fees and Costs Pursuant to the Arbitration Award and Against Defendants Del Mar Recovery Solutions, United Towing Service, Blair Johnson and Jay Johnson (the "Motion"). ECF No. 51. Plaintiff seeks an award of attorney's fees in the amount of $36,288.00 pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k, as well as an award of costs pursuant to Fed.R.Civ.P. 54(d)(1), in the amount of $770.00.

Defendants dispute Plaintiff's entitlement to attorney's fees and costs on two grounds: (1) despite an arbitration award in her favor, Plaintiff did not succeed as to her FDCPA claim, and therefore cannot recover attorney's fees; and (2) an award of attorney's fees, if any, is within the scope of the arbitration agreement and resort to this Court for such an award has been waived. In the absence of an independent motion, the Repossessing Defendants seek an award of attorneys' fees in their favor for efforts undertaken to oppose Plaintiff's pending Motion.

For the reasons that follow, the Court grants in part and denies in part Plaintiff's Motion for an Award of Attorney Fees and Costs, and denies the Repossessing Defendants' request for attorney's fees.[1]

I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Helen Baynes ("Plaintiff") filed this action for damages and injuries sustained in the course of the repossession of her automobile. Plaintiff alleged claims against Defendants Santander Consumer USA ("Santander"), Del Mar Recovery Solutions ("Del Mar"), United Towing Services, LLC, ("United"), Blair Johnson and Jay Johnson (collectively, "the Repossessing Defendants") for the violation of the FDCPA and the Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA"), 73 P.S. § 2270.1, as well as state law negligence, trespass, assault, and breach of peace claims against certain of these Defendants.[2] As relevant to the pending motion, Plaintiff's claims against Defendant United Towing arise *only* pursuant to the FDCPA and the FCEUA (Counts III and VI), and Plaintiff's FDCPA claim is alleged as to *all* Defendants.

Santander responded to the Complaint with a Motion to Compel Arbitration, asserting that the terms of an Extension Agreement to refinance her automobile loan mandate arbitration of all claims arising out of or related to the exercise of extra-judicial or self-help repossession. The Repossessing Defendants joined in the Motion to Compel Arbitration, and argued that as

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to having a United States Magistrate Judge conduct all proceedings in this case, including the entry of a final judgment. ECF Nos. 35, 37, and 38.

[2] Plaintiff's Complaint also alleges claims pursuant to 42 U.S.C. § 1983 for the violation of her Fourth and Fourteenth Amendment rights (Count I) against Wilkinsburg Police Department and two of its officers, Doug Yuhouse, and Michele Krempasky ("Wilkinsburg Police Defendants"), who responded to the incident at issue. The claims against the Wilkinsburg Police Defendants have been stayed pending the resolution of the claims against the remaining Defendants. In addition, in the course of her arbitration, Plaintiff voluntarily discontinued her claims against Santander Consumer USA, and all parties consented to the dismissal. ECF No. 57-1 at 4.

2

agents of Santander, a release effected as to Santander applied with equal force to each of the Repossessing Defendants. Plaintiff did not dispute the apparent breadth and scope of the arbitration agreement, and instead challenged mandatory arbitration on the basis of a moratorium issued by the designated arbitration administrator, the American Arbitration Association ("AAA"), with respect to certain consumer debt collection actions. ECF No. 39. Santander and the Repossessing Defendants disputed the applicability of the moratorium to Plaintiff's action and argued that the terms of arbitration agreement applied equally to each of them, as each were "involved" with enforcing the finance agreement, and each could be held jointly or severally liable to Plaintiff for claims asserted against each of them, arising out of their delegated enforcement of the finance agreement. ECF No. 46. This Court granted the Motion to Compel Arbitration, finding that by its terms, the AAA moratorium applied only to consumer debt actions initiated by finance companies and had no application to Plaintiff's action filed by her against the Repossessing Defendants. ECF No. 47 at 9-10.

Thereafter, on December 11, 2018, the designated Arbitrator entered an award in Plaintiff's favor in the amount of $15,000, finding that with the exception of Santander, *all* Repossessing Defendants were "jointly and severally liable to [Plaintiff] for this amount." ECF No. 57-1 at 5. Specifically, the Arbitrator concluded that "Blair Johnson, acting in the course and scope of his employment with United, assaulted [Plaintiff], that Jay Johnson and Blair Johnson, acting within the course and scope of their employment with United, breached the peace, trespassed on [Plaintiff's] property after being told to leave and negligently damaged [Plaintiff's car]." Id. The Arbitrator further ruled that Del Mar is liable for the conduct of its independent contractor given the nature of the underlying work and need to exercise control over the methods employed. Id.

3

The Arbitrator did not distinguish between the claims asserted by Plaintiff against each Repossessing Defendant in rendering his award in favor of Plaintiff, and ruled that all parties shall bear the administrative costs and compensation of the arbitrator "as incurred." Id. Finally, the Arbitrator stated that the Award "is in full settlement of all claims submitted to this Arbitration. All claims not expressly granted herein and hereby denied." Id.

On December 20, 2018, Plaintiff moved to confirm the arbitration award "as to liability and the amount of compensatory damages awarded," ECF No. 48. On December 26, 2018, in accordance with the FDCPA, Plaintiff filed the instant Motion seeking an award of attorney's fees and costs. ECF No. 51.

## II. DISCUSSION

Pursuant to the FDCPA, a debt collector "may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person." 15 U.S.C. § 1692d. Section 1692k of the FDCPA imposes liability upon "any debt collector who fails to comply with any provision of this subchapter" in an amount equal to the sum of "any actual damage sustained by such person as a result of such failure," and "in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee *as determined by the court.*" 15 U.S.C. § 1692k(a)(1), (3) (emphasis added).

Defendants contend that because the Arbitrator did not explicitly identify the FDCPA as a basis for recovery, Plaintiff does not meet the statutory threshold to recovery, *i.e.*, a "successful action to enforce" liability. ECF No. 57 at 4. The Repossessing Defendants do not contend that

4

the FDCPA claim was excluded from the scope of the arbitration, nor challenge the legal sufficiency of the elements of an FDCPA claim. In this regard, the Arbitrator determined that Defendants or Defendants' agents assaulted Plaintiff and damaged her personal property during the attempted repossession of her automobile. Accordingly, Plaintiff has unequivocally established the required elements of her FDCPA claim and, as to each Repossessing Defendant, the Arbitrator imposed liability for the violation of Plaintiff's rights. Under these circumstances, it cannot be credibly disputed that Plaintiff has brought a successful action to enforce liability pursuant to the FDCPA. ECF No. 57-1 at 5.

Next, Defendants assert that the pending Motion is improperly before the Court as Plaintiff's request for attorney's fees should have been pursued in arbitration and her failure to do so constitutes a waiver. As an initial matter, the United States Court of Appeals for the Third Circuit has held that under the FDCPA, attorney's fees are not a special or discretionary remedy but, rather, "the Act mandates an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general." Graziano v. Harrison, 950 F.2d 107, 113 (3d Cir. 1991); Good v. Nationwide Credit, Inc., 314 F.R.D. 141, 161 (E.D. Pa. 2016). An award of attorney's fees, as stated in the FDCPA, shall be "determined by the court."

Federal Rule of Civil Procedure 54(d)(2) provides that a claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages. Fed.R.Civ.P. 54(d)(2)(A). The motion must be filed no later than fourteen (14) days after the entry of judgment and shall specify the judgment and the statute, rule, or other grounds entitling the movant to the award. Fed.R.Civ.P. 54(d)(2)(B)(i), (ii). The Federal Arbitration Act authorizes the district court to confirm

arbitration awards when the parties agree to have the arbitration award entered as a judgment by the court. Greenwich Ins. Co. v. Goff Group, Inc., 159 F. App'x 409, 412 (3d Cir. 2005), *citing* Isidor Paiewonsky Assoc., Inc. v. Sharp Properties, Inc., 998 F.2d 145, 154 n. 11 (3d Cir. 1993). In this matter, the Repossessing Defendants consented to the confirmation of the arbitration award by this Court "as to liability, … for the arbitrated claims, and amount awarded for compensatory damages." ECF No. 50 at 1 (emphasis added). Plaintiff's motion to confirm the arbitration award, as consented to by the Repossessing Defendants, was granted on January 11, 2019. Under these circumstances, nothing in the FDCPA alters the timing or forum for the filing of a motion for attorney's fees, and jurisdiction over Plaintiff's timely motion is properly before the Court. See, Moyer v. Turnbrook Associates, Inc., No. 05-1053, 2005 WL 2660353 *1 (E.D. Pa. Oct. 17, 2005) (citing Rule 54(d)(2)(b) and rejecting debt collector's argument that a successful FDCPA plaintiff should have made her claim for attorney's fees during underlying arbitration despite the initial filing of suit in district court).

Because Plaintiff is entitled to recover reasonable attorney's fees and costs, the Court must determine the amount to award Plaintiff.

In Hensley v. Eckerhard, 461 U.S. 424 (1983), the United States Supreme Court set forth general standards governing the "reasonableness" of an award of attorney's fees. "[T]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Id.. This figure is commonly referred to as the "lodestar," or the guiding light in determining attorney fees.

The lodestar approach was pioneered by the United States Court of Appeals for the Third Circuit in Lindy Bros. Builders, Inc. of Philadelphia v. American Radiator & Standard Sanitary Corp., 487 F.2d 161 (3d Cir. 1973), *appeal after remand*, 540 F.2d 102 (3d Cir. 1976), and has

"achieved dominance in the federal courts" after the Court's decision in Hensley. Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542 (2010). The burden of establishing the reasonableness of a fee request falls on the plaintiff's counsel. Hensley, 461 U.S. at 437; *accord* Loughner v. Univ. of Pittsburgh, 260 F.3d 173, 178 (3d Cir. 2001) (the "fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and the hourly rates."). "When the applicant for a fee has carried his burden of showing that the claimed rates and number of hours are reasonable, the resulting product is presumed to be the reasonable fee to which counsel is entitled." Loughner, 260 F.3d at 178 (quoting Pennsylvania v. Delaware Valley Citizens' Council, 478 U.S. 546, 564 (1986) (internal quotation omitted)).

In order to meet this burden, Plaintiff's counsel must present documentation sufficient to justify the fees. Hensley, 461 U.S. at 433. To enable a meaningful review, the Plaintiff must produce adequate billing records that detail how the time was spent in litigating the presented claims. Id. at 437. Her motion should include "some fairly definite information as to the hours devoted to various general activities, e.g., pretrial discovery, settlement negotiations, and the hours spent by various classes of attorneys, e.g., senior partners, junior partners, associates." Lindy Bros., 487 F.2d at 167. However, "it is not necessary to know the exact number of minutes spent, nor the precise activity to which each hour was devoted nor the specific attainments of each attorney." Id.; Pawlak v. Greenawalt, 713 F.2d 972, 978 (3d Cir. 1983) (same).

Where a movant's documentation is inadequate, a court "may reduce the award accordingly." Hensley, 461 U.S. at 433. The failure of the prevailing party's counsel's to maintain records that will enable the reviewing court to calculate a proper award with precision does not preclude an award. Instead, the reliable information is to be taken into account to make a reasonable estimate of the proper division of time. See McKenna v. City of Philadelphia, 582

7

F.3d 447, 455, 458 (3d Cir. 2009) (affirming a percentage allocation between successful and unsuccessful claims that were distinct where "[i]n the absence of specific time entries to indicate how the attorneys spent their time on the distinct claims, the Court reasonably used the information available to it to estimate a proper division of time."); Hensley, 461 U.S. at 433–36 (Where documentation is inadequate and/or the petitioning party enjoyed only partial success, the district court is not relieved of its obligation to award a reasonable fee and in doing so it may fashion a reasonable fee based on the reliable information available.); Lanni v. New Jersey, 259 F.3d 146, 151 (3d Cir. 2001) (upholding downward adjustment of twenty-five percent for time spent pursuing unsuccessful claims).

Against this framework, the Repossessing Defendants seeks a downward reduction in the requested hourly rate, as well as a reduction for time expended on non-FDCPA claims, claims against parties that have been dismissed or who were otherwise nonparticipants in the arbitration. In addition, the Repossessing Defendants find fault with the quantity of time expended on certain tasks, as well as the lack of sufficient detail for identified entries.

Counsel for Plaintiff has provided the Court with billing records, invoices and an Affidavit indicating that he is a sole practitioner who has been practicing law for approximately 5 years. Counsel has litigated numerous cases in state and federal court; however, the instant action is his second FDCPA or consumer rights actions. ECF No. 52-2. Counsel requests an hourly rate of $250, and presents the affidavit of a member of the Pennsylvania bar who attests to the knowledge and skill of Plaintiff's counsel, as well as the reasonableness of the requested hourly rate. The Repossessing Defendants state that Plaintiff's counsel has inadequately documented the reasonableness of his fee in the absence of evidence of the fees charged by counsel of similar experience in the FDCPA arena. ECF No. 57 at 10-11. The Repossessing

Defendants instead seek an award of attorney's fees, if at all, at a rate of $150 per hour. However, this hourly rate is not documented by any evidence of the type the Repossessing Defendants seek to require of Plaintiff. The evidence before the Court as to the appropriate hourly rate is scant but otherwise uncontested. In these circumstances, the Court will "assess the experience and skill of the prevailing party's attorney[] and compare [his] rate to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Jackson v. Allied Interstate, LLC, No. 12-1144, 2013 WL 3990875, at *8 (W.D. Pa. Aug. 5, 2013).

In 2015, a member of this Court concluded that an hourly rate of $300 per hour was reasonable in an FDCPA action for an attorney with four years' experience. Caplan v. Premium Receivables, LLC, No. 15-474, 2015 WL 4566982 *6 (W.D. Pa. July 29, 2015). In 2013, the Jackson Court, in an FDCPA case filed in this judicial district, determined that an hourly rate of $200 was appropriate for attorneys with 2-7 years of experience. In 2012, another member of this Court awarded statutory attorneys' fees and costs in a consumer protection action and determined that a lead attorney rate of $325 per hour and an associate attorney rate of $210 per hour were not unreasonable for attorneys practicing in the Western District of Pennsylvania. Baynes v. George E. Mason Funeral Home, Inc., No. 09-153, 2012 WL 993293 *3 (W.D. Pa. March 23, 2012). With these rates in mind, Plaintiff's evidence supporting an hourly rate of $250 per hour is within the range for lead attorneys with mid-level experience in this district in consumer and FDCPA actions, and is not unreasonable. Accordingly, the Court will use $250 per hour as its lodestar rate.

Counsel for Plaintiff states that he has expended approximately 130 hours litigating this action, not including 24 hours expended making necessary telephone calls, for which a reduced

9

rate of $50 per hour is requested. The Repossessing Defendants challenge the quantity of time expended, and argue that many of the hours were expended on claims and parties unrelated to her successful FDCPA claim and on that basis, should be excluded. The Court agrees that the fees attributable to Plaintiff's civil rights action against the Wilkinsburg Police Defendants are appropriately excluded, and will reduce the award by $2,086.54.[3]

Plaintiff does not dispute that she pursued state law credit protection and UCC claims against Defendant Santander, based upon the same underlying conduct of the underlying Repossessing Defendants. Santander financed the underlying transaction, retained the Repossessing Defendants, and led the defense of the instant litigation through the commencement of Arbitration. The Repossessing Defendants specifically adopted Defendant Santander's motions and briefs filed in defense of Plaintiff's action, and thereby necessitated Plaintiff's litigation of Santander's legal defenses to preserve her claims against each of them. ECF Nos. 30, 31, 46. Under these circumstances, the pursuit of Plaintiff's claims against Santander does not significantly impact overall fees incurred because such claims are sufficiently intertwined with her successful FDCPA claims against each of the Repossessing Defendants.

The Repossessing Defendants further argue that Plaintiff's fee recovery must be reduced based upon her resort to this Court in the first instance to pursue her federally authorized claims against each of them. ECF No. 57 at 9. However, as is made evident by the pending motion, recovery of statutorily mandated attorney's fees and costs pursuant to the FDCAP required her participation in this forum. Accordingly, this Court will not reduce an award of attorney's fees for expenditures associated with pursuing claims against Santander or challenging the various motions to dismiss/motions to compel arbitration.

---

[3] The corresponding billing entries are dated 12/28/17, 12/29/17, and 6/7/18.

The Repossessing Defendants dispute approximately 3.5 hours spent conducting legal research prior to filing the Complaint in this action as vague and not sufficiently segregated by issue or claim. In addition, the Repossessing Defendants argue that counsel's request for $7,541.67 representing 30.167 hours to draft the 121 paragraph Complaint is excessive. ECF No. 57 at 9. Review of the Complaint discloses that 50% of the paragraphs directly relate to Plaintiff's FDCPA claim through foundational facts or allegations setting forth the necessary elements of the claim. ECF No. 1. On this basis, the Court will make a general reduction of 50% of the fees incurred for both items, and subtract $435.48 from the challenged total for fees associated with legal research, and $3,770.83 from the total fees to draft the Complaint. However, no further reductions shall be made based upon the claims presented given that Plaintiff's prosecution of this case involved issues and a common core of facts that were inextricably intertwined with Plaintiff's successful FDCPA claim. Hensley, 461 U.S. at 435.

The Court agrees that $441.18 for services performed on December 13, 2017, should be excluded. These fees are associated with the Repossessing Defendants' successful motion to quash Plaintiff's premature discovery.

The Repossessing Defendants next challenge charges in the amount of $2,588.00 for computerized legal research, citing Sheffer v. Experian Information Solutions, Inc., 290 F. Supp. 2d 538, 552 (E.D. Pa. 2003) where the Court declined an award as unauthorized as costs pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, and 28 U.S.C. § 1920. Such items, however, have been deemed recoverable as "attorney's fees." See, e.g., Morris v. I.C. Systems, Inc., No. 06-2133, 2009 WL 1362594 *5 (E.D. Pa. 2009); Haarco, Inc. v. American Nat. Bank and Trust Co. of Chicago, 38 F.3d 1429, 1440-1 (7th Cir. 1994). The FDCPA authorizes a prevailing plaintiff to recover "the costs of the action," 15 U.S.C. § 1692k(a)(3). "These costs

typically include filing and service fees and expenses, as well as reasonable postage expenses associated with the litigation." Overly v. Global Credit & Collection Corp., No. 10-cv-2392, 2011 WL 2651807 *2 (M.D. Pa. July 6, 2011). In keeping with the remedial nature of the statute, the FDCPA does not limit cost recovery to those expenses set forth in 29 U.S.C. § 1920, and thus allowance is made here for the expenses otherwise chargeable to a client, including computerized legal research fees.

Finally, the Court notes the Repossessing Defendants' objections to various filing and service fees incurred in this matter, including the filing fee for the instant action, fees for service of summons, and the cost in obtaining the underlying police report documenting the altercation wherein certain of the Repossessing Defendants assaulted Plaintiff, trespassed into her home, and damaged her personal property. Recovery of such costs shall be allowed; however, the Arbitration expenses of $200 shall remain as previously ordered to be borne as incurred and therefore excluded from Plaintiff's award.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for an Award of Attorney Fees and Costs Pursuant to the Arbitration Award Against Defendants Del Mar Recovery Solutions, United Towing Service, Blair Johnson and Jay Johnson, ECF No. 51, properly is granted in part and denied in part. The total recoverable fees in this matter are $26,965.97, and $3,158.00 in costs, for a total award of $30,123.97. An appropriate Order follows.

# **ORDER**

AND NOW, this 11th day of February, 2019, upon consideration of Plaintiff's Motion for an Award of Attorney Fees and Costs Pursuant to the Arbitration Award Against Defendants Del Mar Recovery Solutions, United Towing Service, LLC, Blair Johnson and Jay Johnson, ECF No. 51, **IT IS HEREBY ORDERED** as follows:

1. Plaintiff is awarded $ 26,965.97 in attorney's fees.

2. Plaintiff is awarded $ 3,158.97 in costs.

3. Defendants Del Mar Recovery Solutions, United Towing Service, Blair Johnson and Jay Johnson are jointly and severally liable for all fees and costs awarded herein.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment in favor of Plaintiff Helen Baynes, and against Defendants Del Mar Recovery Solutions, United Towing Service, LLC, Jay Johnson and Blair Johnson.

**IT IS FURTHER ORDERED** that the Clerk of Court shall dismiss and terminate Defendant Santander Consumer, USA, from the docket of this action.

BY THE COURT:

MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: All counsel via CM/ECF