IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HELEN BAYNES, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 17-1369 |
| ) | Magistrate Judge Maureen P. Kelly |
| v. ) | |
| ) | Re: ECF No. 73 |
| BOROUGH OF WILKINSBURG, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

**KELLY, Magistrate Judge**

Presently before the Court is a Motion to Dismiss filed by the Borough of Wilkinsburg ("the Borough"), moving to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief may be granted. ECF No. 73. For the reasons that follow, the Motion to Dismiss will be denied.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

This action, commenced in relevant part pursuant to 42 U.S.C. § 1983, arises out of the attempted wrongful repossession of Plaintiff's vehicle by agents employed by a commercial lending company. Claims against the lending company and its agents were resolved through arbitration, and any non-arbitrable claims against the Borough and two of its police officers were stayed. ECF Nos. 47, 59. Plaintiff has filed her Second Amended Complaint and now alleges claims against the Borough only, for its alleged participation in the misconduct of its police officers in the seizure of Plaintiff's vehicle, and the denial of her rights to due process.

Plaintiff alleges that the attempted repossession occurred on November 22, 2016, when two of the Borough's police officers, Officer Yuhouse and Lt. Krempasky, arrived at Plaintiff's home in uniform and intervened in a confrontation between Plaintiff's husband, Blossie Long, and at least one of the repossession agents. ECF No. 72 ¶ 23. Long explained to the officers that the agents were attempting to wrongfully seize Plaintiff's car and that in the process of doing so, one of the agents assaulted Plaintiff. Id. Plaintiff alleges that in the course of investigating Long's allegations, one of the officers falsely accused Plaintiff of assaulting the agent, and that the officer lodged this allegation to "intimidate her so that she would permit the repossession." Id. ¶ 29. Plaintiff contacted the lender by telephone and through its representative, attempted to explain to Officer Yuhouse that the repossession was cancelled. Officer Yuhouse stated that he was not in a position to confirm the identity of the individual on the telephone, and instructed Plaintiff to permit the agents to complete the repossession. Id. ¶¶ 30, 32. Officer Yuhouse requested the agents' business card and attempted to give it to Long, and instructed Long to call the towing company to retrieve the vehicle after repossession. Thereafter, the lender's representative contacted the repossession agents and directed them to cease repossession. Id. ¶ 33.

The following week, Plaintiff and Long met with Ophelia Coleman, the Borough's Chief of Police, to lodge a complaint against Yuhouse and Krempasky. Id. ¶ 38. Coleman asked Plaintiff and Long to file a formal complaint against the officers, and to work with Detective Mike Adams to bring charges against the repossession agents. Id. ¶¶ 40-41. Plaintiff shared home security video footage of the altercation, but after viewing the footage, and despite corroborating evidence, Detective Adams suggested that Plaintiff and her husband assaulted the agents. Detective Adams failed to pursue any charges. Plaintiff alleges that Detective Adams acted pursuant to a departmental policy or custom to support or endorse the wrongful conduct of its police officers

and the repossession agents. Id. ¶¶ 42-44. Plaintiff further alleges that the Borough's Police Department "had a working relationship" with the repossession agent "for over 20 years as he handled towing for the department." Id. ¶ 45.

Plaintiff alleges that the Borough, through its policy or custom, enabled and/or assisted in the wrongful seizure of her vehicle without due process, in violation of her constitutional rights under the Fourteenth Amendment. In addition, Plaintiff alleges that throughout the duration of the episode, the Borough, also through its officers, wrongfully seized her property in violation of the Fourth Amendment. As a result, Plaintiff alleges she suffered property damage and emotional distress and mental anguish.

The Borough has filed a Motion to Dismiss, contending that based upon the facts alleged, Plaintiff fails to allege a cognizable claim for municipal liability.

## II. STANDARD OF REVIEW

In assessing the sufficiency of the complaint pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all material allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008). While a complaint does not need detailed factual allegations to survive the motion to dismiss, a complaint must provide more than labels and conclusions. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A "formulaic recitation of the elements of a cause of action will not do." Id. (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level" and sufficient "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 555, 570.

3

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.... Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557).

In other words, at the motion to dismiss stage, a plaintiff is required to make "'a showing' rather than a blanket assertion of an entitlement to relief." Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'" Id. at 234, quoting Twombly, 550 U.S. at 556 n. 3.

To determine the sufficiency of a complaint, "a court ... must take three steps," that include (1) taking note of the elements a plaintiff must plead to state a claim; (2) identifying allegations that are merely legal conclusions "because they ... are not entitled to the assumption of truth;" and (3) assuming the veracity of all well-pleaded factual allegations and determining "whether they plausibly give rise to an entitlement to relief." Connelly v. Lane Constr. Corp., 809 F.3d 780, 787 (3d Cir. 2016) (quoting Iqbal, 556 U.S. at 675, 679). If the court finds, even after construing the complaint in the light most favorable to the plaintiff, that the plaintiff is not entitled to relief, the court can dismiss the claim. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).

## III. DISCUSSION

Section 1983 provides private citizens a right of action against:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction

4

thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws....

42 U.S.C. § 1983. This statute does not create substantive rights but instead "provides only remedies for deprivations of rights established elsewhere in the Constitution or federal laws." Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a viable § 1983 claim, the plaintiff "must establish that she was deprived of a federal constitutional or statutory right by a state actor." Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009). Accordingly, because the Borough is the sole remaining defendant, Plaintiff must allege facts plausibly alleging that she has suffered the violation of her rights by or because of the Borough.

In this regard, the Borough moves to dismiss Plaintiff's Second Amended Complaint on the grounds that Plaintiff has not alleged facts sufficient to support a plausible inference that Officer Yuhouse and Lt. Krempasky violated her constitutional rights, and did so pursuant to a Borough policy, custom or practice, so as to support the imposition of liability against it. ECF No. 74 at 10.

### A. Plaintiff Sufficiently Alleges Fourth and Fourteenth Amendment Claims

In Hyman v. Capital One Auto Finance, 306 F. Supp. 3d 756 (W.D. Pa. 2018), the Court examined the role of police officers in the repossession of a vehicle by a private contractor and determined that the Plaintiff adequately stated a constitutional claim where the officers were alleged to have instructed the Plaintiff to exit a vehicle to permit repossession.

> "The Fourth Amendment, made applicable to the States by the Fourteenth, Ker v. California, 374 U.S. 23, 30, 83 S.Ct. 1623, 1628, 10 L.Ed.2d 726 (1963), provides in pertinent part that the 'right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated ...'" Soldal v. Cook Cty., Ill, 506 U.S. 56, 61, 113 S.Ct. 538, 543, 121 L.Ed. 2d 450 (1992). "In order to establish a claim under the Fourth Amendment, plaintiff must show that the actions of the defendant: (1) constituted a 'search' or 'seizure;' and (2) were unreasonable in light of the circumstances." Brown v. City

5

of Philadelphia, No. 10–CV–2687, 2012 WL 1758172, at *3 (E.D. Pa. May 16, 2012). "A 'seizure' of property ... occurs when 'there is some meaningful interference with an individual's possessory interests in that property.'" Soldal, 506 U.S. at 61, 113 S. Ct. at 543 (quoting United States v. Jacobsen, 466 U.S. 109, 113, 104 S. Ct. 1652, 1656, 80 L.Ed.2d 85 (1984)). "When analyzing whether such an interference occurred, it is of no import that the officers did not take custody of plaintiff's property as long as the officers participated in the seizure." Brown, 2012 WL 1758172, at *3 (citing Gale v. Storti, 608 F. Supp. 2d 629, 634 (E.D. Pa. 2009)).

"The [F]ourteenth [A]mendment prohibits state deprivations of life, liberty, or property without due process of law." Robb v. City of Philadelphia, 733 F.2d 286, 292 (3d Cir. 1984). As the Third Circuit has repeatedly noted, "the core of procedural due process jurisprudence is the right to advance notice ... and to a meaningful opportunity to be heard." Mir v. Behnke, 680 Fed. Appx. 126, 129–30 (3d Cir. 2017) (citing Abbott v. Latshaw, 164 F.3d 141, 146 (3d Cir. 1998) (internal quotation marks omitted)). [The] Third Circuit has explained that "[i]t is elementary that procedural due process is implicated only where someone has claimed that there has been a taking or deprivation of a legally protected liberty or property interest." Abbott, 164 F.3d at 146 (citing Board of Regents v. Roth, 408 U.S. 564, 569, 92 S. Ct. 2701, 33 L.Ed.2d 548 (1972)). Of particular importance here, it is "well established that possessory interests in property invoke procedural due process protections." Abbott, 164 F.3d at 146 (citing Fuentes v. Shevin, 407 U.S. 67, 87, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972)).

Hyman, 306 F. Supp. 3d at 767-70. In this case, Plaintiff similarly sufficiently alleges a plausible Fourth Amendment claim against Borough police officers. Officer Yuhouse and Lt. Krempasky are alleged to have directed Plaintiff to permit repossession of the car, in which she had a possessory interest, despite her insistence that the repossession was in error and despite the fact that, in the process, she had been assaulted. These allegations are sufficient to state a plausible claim for the unreasonable seizure and/or interference with her personal property in violation of the Fourth Amendment.

Plaintiff also has alleged a plausible Fourteenth Amendment claim arising out of the officers' direction that she and her husband permit the wrongful repossession of her property in the absence of notice and an opportunity to be heard. Hyman, 306 F. Supp. 3d at 770-71.

6

In light of the plausible violation of Plaintiff's constitutional rights, the Court must next determine whether Plaintiff has alleged facts sufficient to support a reasonable inference that Officer Yuhouse and Lt. Krempasky acted pursuant to Borough directive, custom, or practice.

**B. Plaintiff Sufficiently Alleges a Monell Claim.**

"[M]unicipalities and other local government units [are] to be included among those persons to whom § 1983 applies," and municipalities "can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where ... the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 690-91 (1978). In Monell, the United States Supreme Court held that a municipality will not be found liable for the unconstitutional acts of a state actor unless the conduct that caused the harm was pursuant to a government policy, custom, or practice. Id., 436 U.S. at 690-91. A § 1983 claim against a municipality thus requires a plaintiff to: (1) identify a policy or custom that deprived him of a federally protected right; (2) demonstrate that the municipality, by its deliberate conduct, acted as the "moving force" behind the alleged deprivation; and (3) establish a direct causal link between the policy or custom and the plaintiff's injury. See Bd. of Cnty. Comm'rs v. Brown, 520 U.S. 397, 404 (1997); Bell v. City of Phila., 629 F. App'x. 214, 216 (3d Cir. 2015). A municipality can be liable for the torts of its employees in one of three ways:

> First, the municipality will be liable if its employee acted pursuant to a formal government policy or a standard operating procedure long accepted within the government entity, Jett v. Dallas Independent School District, 491 U.S. 701, 737, 109 S.Ct. 2702, 105 L.Ed. 2d 598 (1989); second, liability will attach when the individual has policy making authority rendering his or her behavior an act of official government policy, Pembaur v. City of Cincinnati, 475 U.S. 469, 480-81, 106 S.Ct. 1292, 89 L.Ed. 2d 452 (1986); third, the municipality will be liable if an official with authority has ratified the unconstitutional actions of a subordinate, rendering such behavior official for liability purposes, City of St. Louis v. Praprotnik, 485 U.S. 112, 127, 108 S.Ct. 915, 99 L.Ed. 2d 107 (1988).

7

McGreevy v. Stroup, 413 F.3d 359, 367 (3d Cir. 2005).

In this case, Plaintiff alleges that through its officers, the Borough participated in the wrongful seizure of her property and did so in furtherance of its custom or practice of supporting the Borough's twenty-year relationship with the repossessing agent, whom it employed to conduct Borough towing operations. While such allegations, without more, may not survive a motion for summary judgment, at this early stage of the litigation, the allegations are sufficient to state a plausible constitutional claim against the Borough pursuant to Monell.

## IV. CONCLUSION

For the foregoing reasons, Defendant Borough of Wilkinsburg's Motion to Dismiss Second Amended Complaint, ECF No. 73, is properly denied. Accordingly, the following Order is entered:

### ORDER

AND NOW, this 13th day of September, 2019, upon consideration of the Borough of Wilkinsburg's Motion to Dismiss Second Amended Complaint, ECF No. 73, and the briefs filed in support and in opposition thereto, ECF Nos. 74 and 76, and in accordance with the accompanying Opinion, IT IS HEREBY ORDERED that the motion to dismiss, ECF No. 73, is DENIED.

BY THE COURT:

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: All counsel of record by Notice of Electronic Filing